Gregory Kenyota, Esq. (SBN 282304)
Joseph A. Farco, Esq. (*pro hac vice* forthcoming)
gkenyota@bochner.law
jfarco@bochner.law
BOCHNER PLLC
450 Townsend Street, Suite 100
San Francisco, CA 94107
Tel: 646-971-0685

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DREAMWEAR INC.,<br><br>Plaintiff,<br><br>v.<br><br>JD FINE & COMPANY, INC.<br><br>Defendant. | Case No.: 3:26-cv-12585<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Dreamwear Inc. (referred to hereinafter as "Dreamwear" or "Plaintiff") hereby brings the following complaint for patent infringement against Defendant JD Fine & Company, Inc. d/b/a Tart Collections ("JD Fine" or "Defendant") for willful infringement of Dreamwear's U.S. Design Patent Nos. D1,136,624 (the "D624 Patent") and D1,081,161 (the "D161 Patent") (collectively referred to as the "Design Patents"). In support of its claims, Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff, Dreamwear, is a corporation incorporated in the State of New York and having its principal place of business at 183 Madison Ave, 10th Floor, New York, New York 10016.

2. Plaintiff is the owner of all right, title, and interest in the Design Patents.

3. Defendant is a corporation incorporated in the State of California (California Secretary of State entity no. 1792350) with a principal place of business at 2304 Willow Pass Road, Concord, California 94520. Defendant's registered agent is James Finegold, whose address is 771 Las Trampas Road, Lafayette, California 94549. Defendant also does business as Tart Collections and has used the address 2954 Treat Boulevard, Suite C, Concord, California 94518. Defendant makes, uses, offers for sale, sells, and/or imports into the United States clothing sold under the TART and TART COLLECTIONS brands, which is displayed and sold on hangers that infringe the Design Patents.



## NATURE OF THE ACTION

4. This is an action for patent infringement under the laws of the United States, 35 U.S.C. §§ 271, *et seq*. arising from the infringement of the Design Patents, including, without limitation, by manufacturing, advertising, marketing, distributing, making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use, of Defendant's unlicensed hangers that copy and infringe Plaintiff's Design Patents.

## JURISDICTION

5. This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as an action arising out of violations of the Patent Act.

6. Personal jurisdiction exists over Defendant in this district because Defendant is a California corporation with its principal place of business in this district, regularly conducts business in California, and committed acts of infringement here.

## VENUE

7. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant resides in this district, as a California corporation with its principal place of business in Concord, California, and because Defendant has committed acts of infringement and has a regular and established place of business in this district.

8. Divisional Assignment. Pursuant to Civil Local Rule 3-2(c), this is an intellectual property action and is therefore subject to assignment on a district-wide basis.

## THE D624 PATENT

9. On July 28, 2026, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Design Patent No. D1,136,624, entitled "HANGER," to Elena Marie Dauphinais (the "D624 Patent").



FIG. 9



FIG. 10



FIG. 8



FIG. 11



FIG. 12



FIG. 13



FIG. 14

10. Plaintiff is the named assignee of, owns all right, title, and interest in, and has standing to sue for infringement of the D624 Patent. A copy of the D624 Patent is attached hereto as Exhibit AA.

11. The D624 Patent is directed to an ornamental design for a hanger, as shown and described in the seven figures of the D624 Patent, which are reproduced below:

12. No license or other rights to the D624 Patent have been granted to the Defendant in this action.

13. Plaintiff currently manufactures and distributes products that embody the innovative D624 Patented design through Juicy Couture, Bliss, Danskin, Danskin Foundations, Laura Ashley, and Nicole Miller.

14. Since Plaintiff began using the hanger product incorporating the D624 patented design, other distributors, in addition to Defendant, have deliberately copied and reproduced the patented design without Plaintiff's authorization. Such unauthorized copying has interfered with and undermined Plaintiff's exclusive patent rights, including Plaintiff's ability to control the use, manufacture, distribution, and licensing of products embodying the patented design.

15. Defendant's unauthorized copying has also diminished the commercial value of Plaintiff's patent and impaired Plaintiff's ability to license the D624 patented design to other distributors for use in connection with the proper and aesthetically appropriate display of various clothing articles. As a result, the unauthorized copying has caused and continues to cause harm to Plaintiff's business, including lost licensing opportunities, diminished market exclusivity, and other damages for which Defendant is liable.

**THE D161 PATENT**

16. On July 1, 2025, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Design Patent No. D1,081,161 entitled "HANGER," to Elena Marie Dauphinais (the "D161 Patent").

17. Plaintiff is the named assignee of, owns all right, title, and interest in, and has standing to sue for infringement of the D161 Patent. A copy of the D161 Patent is attached hereto as Exhibit BA.

18. The D161 Patent is directed to an ornamental design for a hanger, as shown and described in the seven figures of the D161 Patent, which are reproduced below:



FIG. 9



FIG. 10



FIG. 8


FIG. 11


FIG. 12


FIG. 13


FIG. 14

19. No license or other rights to the D161 Patent have been granted to the Defendant in this action.

20. Plaintiff currently manufactures and distributes products that embody the innovative D161 Patented design through Juicy Couture Girls and Laura Ashley Girls.

21. Plaintiff has licensed the D161 patented design to third-party distributors for the manufacture, distribution, and sale of hanger products incorporating the patented design. These licensing arrangements reflect the commercial value and desirability of the D161 patented design and demonstrate that third parties have recognized and sought authorization to use the patented design in connection with the display of clothing articles.

22. Furthermore, Plaintiff's licensing of the D161 patented design to third parties further demonstrates that the patented design has been recognized by participants in the relevant market as sufficiently distinctive and commercially valuable to warrant obtaining authorization from Plaintiff. Plaintiff has derived, and continues to derive, commercial value from its exclusive rights in the D161 Patent, including through licensing arrangements with authorized distributors.

23. Since Plaintiff began using the hanger product incorporating the D161 patented design, other distributors, in addition to Defendant, have deliberately copied and reproduced the patented

design without Plaintiff's authorization. Such unauthorized copying has interfered with and undermined Plaintiff's exclusive patent rights, including Plaintiff's ability to control the use, manufacture, distribution, and licensing of products embodying the patented design.

24. Defendant's unauthorized copying has also diminished the commercial value of Plaintiff's patent and impaired Plaintiff's ability to license the D161 patented design to other distributors for use in connection with the proper and aesthetically appropriate display of various clothing articles. As a result, the unauthorized copying has caused and continues to cause harm to Plaintiff's business, including lost licensing opportunities, diminished market exclusivity, and other damages for which Defendant is liable.

**Defendant's Willful Patent Infringement**

25. Defendant imports, makes, uses, distributes, offers for sale, and/or sells Defendant's three-piece hanger, labeled with RN No. 97884 (the registered identification number issued to the company responsible for the product under the Federal Trade Commission's textile labeling regulations), used to display and sell Defendant's TART-branded clothing (the "Infringing Product").




26. Plaintiff provided Defendant with actual notice of the Design Patents and of Defendant's infringement no later than August 17, 2026. By letter dated August 17, 2026, Plaintiff affirmatively notified Defendant that its hangers, including the Infringing Product labeled with RN No. 97884, infringe the D624 Patent and the D161 Patent, identifying each of the Design Patents and

the specific accused hangers, and demanded that Defendant cease advertising, importing, offering for sale, and selling those hangers. Defendant did not respond. By letter dated September 3, 2026, Plaintiff again notified Defendant of its infringement of the Design Patents and requested a response by September 11, 2026. Defendant did not respond and, upon information and belief, has continued to sell the infringing hangers. Plaintiff is therefore entitled to recover damages for infringement occurring on and after August 17, 2026, the date of Plaintiff's first notice to Defendant of the specific infringement alleged herein.

27. Defendant has had actual knowledge of the Design Patents since at least its receipt of Plaintiff's first demand letter, and has continued to make, import, offer for sale, and/or sell the Infringing Product despite that knowledge.

28. Defendant's Infringing Product is a virtually identical copy of the design claimed in the D624 Patent, as set forth and shown below:

| **U.S. Design Patent No. D1,136,624 S** | **Infringing Product (labeled with RN No. 97884)** |
|---|---|
| Claim: The ornamental design for a hanger, as shown and described. | |
|  FIG. 8 |   |

| | |
|---|---|
|  FIG. 9 |   |
|  FIG. 10 |  |

| | |
|---|---|
|  FIG. 11  FIG. 12 |   |
|  FIG. 13 |  |
| |  |

| | |
|---|---|
|  FIG. 14 | |

29. Defendant's Infringing Product is a virtually identical copy of the design claimed in the D161 Patent, as set forth and shown below:

| **U.S. Design Patent No. D1,081,161 S** | **Infringing Product (labeled with RN No. 97884)** |
|---|---|
| Claim: The ornamental design for a hanger, as shown and described. | |
|  FIG. 8 |   |

| | |
|---|---|
|  FIG. 9 |   |
|  FIG. 10 |  |
| | |

| | |
|---|---|
|  FIG. 11  FIG. 12 |   |
|  FIG. 13 |  |
|  FIG. 14 |  |

30. Plaintiff is forced to file this action to combat the harm to its business caused by Defendant's infringement of the Design Patents, as well as to protect its investments in its own patented designs and customer goodwill.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Willful Infringement of United States Design Patent No. D1,136,624)
### [35 U.S.C. § 271]

31. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

32. Without Plaintiff's authorization or consent, and with knowledge of Plaintiff's rights in the D624 Patent, Defendant has manufactured, imported, advertised, marketed, promoted, distributed, offered for sale, and/or sold its Infringing Product to the purchasing public in direct competition with Plaintiff, and has acted with reckless disregard of Plaintiff's rights in and to the D624 Patent through such activities.

33. As demonstrated in the chart, an ordinary observer, giving such attention as a purchaser usually gives to a hanger, would find the design claimed by the D624 Patent to be substantially the same as the Infringing Product depicted in that chart because the resemblance of the Infringing Product to the D624 Patent's claimed design is such as to deceive such an observer to purchase the Infringing Product supposing it to be the patented design.

34. Because the design of the Infringing Product is so substantially similar to the design claimed in the D624 Patent, the Infringing Product would deceive an ordinary observer, inducing such observer to purchase one supposing it to be the other; therefore, the Infringing Product infringes the D624 Patent.

35. To the extent there are any differences between the features claimed in the D624 Patent and those in the Infringing Product, such differences create substantially the same overall visual impression, in substantially the same way, and achieve substantially the same result of confusing the

ordinary observer; accordingly, the Infringing Product infringes the D624 Patent under the doctrine of equivalents.

36. As a direct and proximate consequence of Defendant's infringement of the D624 Patent, Defendant has caused substantial monetary loss and irreparable harm and damage to Plaintiff, its business, its reputation and impairment of its valuable rights in and to the D624 Patent.

37. Defendant has had actual knowledge of the D624 Patent since at least its receipt of Plaintiff's demand letters, yet continued its infringement. Accordingly, Defendant's infringement of the D624 Patent is willful, and Plaintiff is entitled to enhanced damages as provided by 35 U.S.C. § 284.

**SECOND CAUSE OF ACTION**
**(Willful Infringement of United States Design Patent No. D1,081,161)**
**[35 U.S.C. § 271]**

38. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

39. Without Plaintiff's authorization or consent, and with knowledge of Plaintiff's rights in the D161 Patent, Defendant has manufactured, imported, advertised, marketed, promoted, distributed, offered for sale, and/or sold its Infringing Product to the purchasing public in direct competition with Plaintiff, and has acted with reckless disregard of Plaintiff's rights in and to the D161 Patent through such activities.

40. As demonstrated in the chart, an ordinary observer, giving such attention as a purchaser usually gives to a hanger, would find the design claimed by the D161 Patent to be substantially the same as the Infringing Product depicted in that chart because the resemblance of the Infringing Product to the D161 Patent's claimed design is such as to deceive such an observer to purchase the Infringing Product supposing it to be the patented design.

41. Because the design of the Infringing Product is so substantially similar to the design claimed in the D161 Patent, the Infringing Product would deceive an ordinary observer, inducing such

observer to purchase one supposing it to be the other; therefore, the Infringing Product infringes the D161 Patent.

42. To the extent there are any differences between the features claimed in the D161 Patent and those in the Infringing Product, such differences create substantially the same overall visual impression, in substantially the same way, and achieve substantially the same result of confusing the ordinary observer; accordingly, the Infringing Product infringes the D161 Patent under the doctrine of equivalents.

43. As a direct and proximate consequence of Defendant's infringement of the D161 Patent, Defendant has caused substantial monetary loss and irreparable harm and damage to Plaintiff, its business, its reputation and impairment of its valuable rights in and to the D161 Patent.

44. Defendant has had actual knowledge of the D161 Patent since at least its receipt of Plaintiff's demand letters, yet continued its infringement. Accordingly, Defendant's infringement of the D161 Patent is willful, and Plaintiff is entitled to enhanced damages as provided by 35 U.S.C. § 284.

## JURY DEMAND

45. Plaintiff respectfully requests a jury trial in this action on all issues so triable.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff prays for the following relief against Defendant:

A. Judgment in Plaintiff's favor against Defendant on all causes of action alleged herein;

B. A temporary restraining order and preliminary injunction curtailing Defendant's infringing activities;

C. A permanent injunction to enjoin Defendant, its agents, servants, employees, attorneys, successors and assigns, and all persons, firms, and corporations acting in concert with the same, including distributors and customers, from making, using, offering for sale, selling, or importing any

article of manufacture to which the designs claimed in the Design Patents, or any colorable imitation thereof, have been applied;

D. A finding that Defendant's infringement of the Design Patents is willful;

E. An injunction against Defendant directing the removal and destruction of all unauthorized articles of manufacture to which the Design Patents' designs, or any colorable imitation thereof, have been applied;

F. An Order mandating Defendant to pay Plaintiff compensatory damages pursuant to 35 U.S.C. § 284, based on evidence submitted at trial, together with interest and costs as fixed by the Court;

G. An Order mandating Defendant to pay Plaintiff the total profit from the sale of articles to which the patented designs, or colorable imitations thereof, have been applied, pursuant to 35 U.S.C. § 289, or, in the alternative, damages adequate to compensate for the infringement pursuant to 35 U.S.C. § 284;

H. An Order mandating Defendant to pay Plaintiff enhanced damages pursuant to 35 U.S.C. § 284;

I. An Order mandating Defendant to pay Plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and allowable court costs and expenses; and

J. All other such relief to Plaintiff under law and equity as the Court deems just and proper.

Dated: October 27, 2026

**BOCHNER PLLC**

<u>*/s/ Gregory Kenyota*</u>

Gregory Kenyota, Esq. (SBN 282304)
Joseph A. Farco, Esq. (*pro hac vice* forthcoming)
gkenyota@bochner.law
jfarco@bochner.law
450 Townsend Street, Suite 100
San Francisco, CA 94107
Tel: 646-971-0685

*Attorneys for Plaintiff*